IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEBRA FREEMAN,                                                                         PLAINTIFF

v.                                             CIVIL ACTION NO. 1:06CV238-P-A

COMMISSIONER OF SOCIAL SECURITY
JOANNE B. BARNHART,                                            DEFENDANT

## **REPORT AND RECOMMENDATION**

In an order dated November 14, 2006, the court set a hearing in the above-styled case for March 20, 2007, and directed the plaintiff to submit a brief in support of her entitlement to relief in this matter within thirty (30) days. Plaintiff has had no contact whatsoever with the court since the November 14, 2007, order.

Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claims against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In light of plaintiff's apparent abandonment of her claims in this case, the undersigned respectfully recommends that this case be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b). The hearing previously set before the undersigned on March 20, 2007, is cancelled.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of the date of this report and recommendation and "a party's failure to file written objections to the

proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994) *cert. denied*, 513 U.S. 1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

Respectfully submitted, this the 12th day of March, 2007.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE